IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| MARY MARTHA MCCOMAS, | **OPINION & ORDER** |
| Plaintiff, | Civ. No. 1:25-cv-01690-AA |
| vs. | |
| PHH Mortgage Corporation; All Persons Unknown, Claiming Any Legal Or Equitable Right, Title, Estate, Lien, Or Interest In the Property Described In Complaint Adverse to Plaintiff's Title, Or Any Cloud Upon Plaintiff's Title Thereto and DOES 1 Through 5, Inclusive, | |
| Defendants. | |

AIKEN, District Judge:

Before the Court is Defendant PHH Mortgage Corporation's Motion to Dismiss, ECF No. 7, the claims brought by self-represented Plaintiff Mary Martha McComas. *See* Compl., ECF No. 1. For the reasons explained below, Defendant's Motion to Dismiss, ECF No. 7, is GRANTED.

## BACKGROUND

Plaintiff's claims arise out of a series of transactions concerning a piece of property in Medford, Oregon (the "Property"), previously owned by Plaintiff's father, William P. McComas.

Plaintiff alleges that, in January 2005, acting as her father's attorney-in-fact, Plaintiff conveyed the Property from her father to her father and herself, "not as

Page 1 – OPINION AND ORDER

tenants in common, but right of survivorship." Compl. ¶¶ 10, 11, Ex. C, ECF No. 1 at 37.

In November 2005, acting as her father's attorney-in-fact, Plaintiff obtained a thirty-year adjustable-rate loan (the "Loan") in the amount of $458,000 to be secured by the Property. *Id.* ¶¶ 12–14; Ex. A, ECF No. 1 at 14. At the same time, Mr. McComas and Plaintiff executed a Deed of Trust, which secured the loan to the Property. *Id.* ¶ 12; Ex. B, ECF No. 1 at 21.

On February 14, 2017, Mr. McComas died, and his interest in the Property passed to Plaintiff by operation of law because of the right of survivorship. *Id.* ¶ 15.

In 2019, after making payments on the Loan for approximately two years, Plaintiff stopped making payments on the Loan. *Id.* ¶¶ 15, 16. The Loan fell into default and Defendant sought to foreclose on the Property. Def. Mot. at 14; Ex. 7, ECF No. 8 at 22.

## PROCEDURAL HISTORY

On March 11, 2022, Plaintiff, as a self-represented party, filed suit against Defendant in state court, which was removed to federal court in a diversity action. *See* Civ. No. 1:22-cv-00435-CL, ECF No. 1. In her 2022 Complaint, Plaintiff contended that she acquired the Property by right of survivorship, which, she maintained, meant that she owned it "free and clear." Compl. ¶ 10. For relief, Plaintiff sought a "money award judgment entered against Defendant for $478,000 or [Loan] payoff[.]" *Id.* ¶ 15.

Defendant moved to dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). See ECF No. 5. The court granted Defendant's Motion to Dismiss with leave to amend. See ECF No. 13. In that Opinion, the court explained:

> While Plaintiff claims that she should not be 'responsible' for the balance of the mortgage loan because she was not the borrower, she admits that ownership of the encumbered property passed to her 'by right of survivorship.' It is not clear why she would not have also inherited the Loan that encumbered the property[.] . . . Regardless, it is not clear to the Court why that process would have required a statement from the Defendant. Moreover, the Court cannot discern how the Defendant would have been able to determine that Plaintiff was not responsible for the loan if she was the successor-in-interest to the encumbered property[.] . . . Defendant would not have had any ability, let alone an obligation, to provide such a statement to the estate on Plaintiff[']s behalf.

*McComas v. PHH Mortg. Corp.*, No. 1:22-CV-00435-CL, 2022 WL 2786316, at *2 (D. Or. July 15, 2022).

Plaintiff returned with an amended complaint. See First Am. Compl. ("FAC"), ECF No. 19. In her FAC, Plaintiff brought nine claims against Defendant. Plaintiff's First Claim, "Professional Negligence" alleged that Defendant was negligent in failing to notify the estate and the probate judge that Plaintiff was not the borrower on the Loan. FAC ¶¶ 25–31, 34–39. The Second Claim, Breach of Contract, alleged that Defendant improperly required Plaintiff to pay certain interest on the Loan, *id.* ¶ 43, failed to adjust the Loan's interest rate, *id.* ¶ 44, failed to notify Plaintiff of any interest rate changes, *id.* ¶ 45, and failed to adjust the interest rate, *id.* ¶ 46. The remaining claims were similar. See Third through Ninth Claims, FAC ¶¶ 52–94.

For each of the nine claims, Plaintiff demanded damages in the amount of $478,000—the approximate outstanding balance of the Loan. *Id.* ¶¶ 38, 50, 54, 59, 66, 71, 80, 103. Plaintiff also asked the court to declare that "Plaintiff is not a borrower on the loan[]" and "does not owe any money to Defendants[,]" *Id.* ¶¶ 97, 99, and to bar Defendants "from evicting Plaintiff from her house [on the Property]" and "from sending mortgage bills to Plaintiff." *Id.* ¶¶ 107, 109.

Defendant again moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), ECF No. 21, and the court granted the Motion, ECF No. 36. The court first explained that the claims "for professional negligence, negligent misrepresentation, and negligent infliction of emotional distress . . . all fail as a matter of law because Plaintiff did not and cannot allege the existence of the requisite 'special relationship' between herself and the Defendants." *McComas v. PHH Mortg. Corp.,* No. 1:22-CV-00435-CL, 2022 WL 17658133, at *2 (D. Or. Oct. 25, 2022), *report and recommendation adopted,* No. 1:22-CV-00435-CL, 2023 WL 3455579 (D. Or. May 15, 2023), *aff'd,* No. 23-35415, 2024 WL 2828814 (9th Cir. June 4, 2024). As to the contract claims, the court explained that Plaintiff "is not a party to the Note" because "she only signed the Note as attorney in fact for Mr. McComas[]" and that, "she cannot establish the existence of a contract between herself and Defendant[.]" *McComas,* 2022 WL 17658133, at *4.

The court also denied Plaintiff's motion for leave to amend because the court determined that Plaintiff owned the Property subject to the Loan obligation, not free

Page 4 – OPINION AND ORDER

and clear of that obligation, and that any further claims against Defendant that contend otherwise would be futile. *Id.* at *3.

> [T]he deficiencies of [Plaintiff's] claim cannot be cured by amendment, as evidenced by the exhibits submitted by Plaintiff herself. Real property is transferable even though the title is subject to a mortgage or deed of trust, but the transfer will not eliminate the existence of that encumbrance. Thus, the grantee takes title to the property subject to all deeds of trust and other encumbrances, whether or not the deed so provides." *Clear Channel Outdoor, Inc. v. Knupfer* (*In re PW, LLC*), 391 B.R. 25, 37 (B.A.P. 9th Cir. 2008); *see also Settlemire v. Newsome*, 10 Or. 446, 446 (1882) (judgment lien attaches to title). Here . . . [t]he lien created by the Loan and the Deed of Trust attached and encumbered the property, and the transfer of title to Plaintiff by right of survivorship, did not eliminate the existence of that encumbrance.

The case was dismissed with prejudice. *Id.* at *4. Plaintiff appealed to the Ninth Circuit on the question of whether the court had improperly denied Plaintiff leave to amend her FAC. *See* ECF No. 53. The Ninth Circuit affirmed the lower court decision. *See McComas v. PHH Mortg. Corp.*, No. 23-35415, 2024 WL 2828814, at *1 (9th Cir. June 4, 2024) ("The district court did not abuse its discretion in denying McComas leave to file a second amended complaint because further amendment would have been futile."). On December 18, 2024, Plaintiff filed a Petition for Writ of Certoriari with the United States Supreme Court. While her Petition was pending, Plaintiff filed this case. On September 24, 2024, Plaintiff's Petition was denied. *In re McComas*, No. 24-4900, 2024 WL 6838531, at *1 (9th Cir. Sept. 24, 2024), *cert. denied sub nom. McComas v. United States Dist. Ct. for Dist. of Oregon*, 146 S. Ct. 383 (2025).

Page 5 – OPINION AND ORDER

## LEGAL STANDARD

To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.* "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Pleadings by self-represented plaintiffs are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefits of any doubt. *Karim-Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Further a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

Plaintiff contends that because she acquired the Property by right of survivorship, she acquired it "free of any encumbrance or adverse claims from decedent's creditors." Compl. ¶¶ 17, 19. In this action, Plaintiff seeks to "quiet title"

to the Property, Compl. ¶¶ 1, 22–23; damages of $500,000 from Defendant PHH, *id.* ¶ 30; a declaration that she owns the Property free and clear of any encumbrances, *id.* ¶¶ 18–21; and "preliminary and permanent injunctive relief barring the Defendant from taking any action to implement or enforce foreclosure proceedings[,]" *id.* ¶ 23.

Defendant moves to dismiss the case on the basis of claim preclusion. Def. Mot. at 7. Defendant also moves the Court for Judicial Notice of the documents at issue in this case. *See* ECF Nos. 8, 23.

In Oregon, the claim preclusion doctrine is stated as follows:

> [A] plaintiff who has prosecuted one action against a defendant through to a final judgment is barred [*i.e.,* precluded] from prosecuting another action against the same defendant where the claim in the second action is one which is based on the same factual transaction that was at issue in the first, seeks a remedy additional or alternative to the one sought earlier, and is of such a nature as could have been joined in the first action.

*Drews v. EBI Companies*, 310 Or. 134, 140 (1990) (cleaned up). Claim preclusion requires only the opportunity to litigate a particular claim—whether or not that opportunity is used. *Id.* "Where there is an opportunity to litigate the question along the road to the final determination of the action or proceeding, neither party may later litigate the subject or question." *Id.* "To prevent splitting of the dispute or controversy, courts employ a broad definition of what could have been litigated." *Id.* at 141. And the preclusive effect applies "'with respect to all or any part of the transaction, or series of connected transactions,' out of which the action or proceeding arose." *Id.* (quoting Restatement (Second) of Judgments § 24(1)).

Page 7 – OPINION AND ORDER

A.   *Finality*

Claim preclusion requires that a party litigate a matter to finality. *Id.* at 140. Here, the prior matter was litigated to final judgment. In that litigation, the district court determined that Plaintiff failed to state special duty claims and breach of contract claims against Defendant. The court also denied Plaintiff leave to amend her FAC because it determined that, contrary to Plaintiff's assertions, she inherited the Property subject to the loan obligation, and that any further claims based on Plaintiff's assertion to the contrary would be futile. The Ninth Circuit affirmed the district court decision. And the Supreme Court of the United States denied Plaintiff's Petition for Writ of Certoriari.

B.   *Splitting of the Dispute*

Claim preclusion applies to a subsequent claim that arises from "'all or any part of the transaction, or series of connected transactions,' out of which the prior action or proceeding arose." *Id.* (quoting Restatement (Second) of Judgments § 24(1)). "To prevent splitting of the dispute or controversy, courts employ a broad definition of what could have been litigated." *Id.* at 141.

Here, Plaintiff attempts to split the dispute. Plaintiff brings an action to quiet title to the Property, including the Deed of Trust that secures the Loan, and to recoup reasonable attorney fees and costs. Defendant contends that Plaintiff's claims should be precluded because they "arise out of the same transactional nucleus of facts" as the claims Plaintiff asserted in her 2022 lawsuit—whether she inherited the property

Page 8 – OPINION AND ORDER

free and clear of the Loan obligation—and thus "could have been (and should have been) alleged in Plaintiff's 2022 lawsuit." Def. Mot. at 8.

First, any potential quiet title or attorney fees claims existed at the time of Plaintiff's 2022 lawsuit, so Plaintiff had the opportunity to litigate those claims. Second, the quiet title and attorney fees claims arise out of the same transaction as the claims in the prior lawsuit—that Plaintiff inherited the Property from her father after it was already subject to the Loan, a loan that is now in default because Plaintiff failed to make the required payments. The first litigation and court decision established not only that Plaintiff had no special relationship or breach of contract claims against Defendant, but it also established that Plaintiff inherited the Property subject to the Loan. Further, Plaintiff requests the same relief that she requested in the earlier lawsuit—that the Court declare that Plaintiff owns the property free and clear of the Loan obligation and that the Court bar Defendant from foreclosing.

In sum, the 2022 lawsuit was litigated to finality. And the claims asserted here arise from the same transaction as the claims asserted in the 2022 lawsuit. Plaintiff had the opportunity to raise the quiet title and attorney fees claims and could have raised those claims at that time. For this reason, the Court is compelled to bar the claims here because they are precluded by the 2022 lawsuit.

Plaintiff has also moved the Court for leave to amend to file a First Amended Complaint ("FAC"), ECF No. 10, and a Second Amended Complaint ("SAC"), ECF No. 18. The Court denies both motions because the proposed amended complaints do not avoid the preclusive effect of the 2022 court decision.

Page 9 – OPINION AND ORDER

The proposed FAC seeks to add the new trustee successor as a defendant in this case. Mot. to Amend at 2, ECF No. 10. The prior trustee, HSBC Bank USA, N.A., was a party to Plaintiff's 2022 case. As such, its successor in interest (Premium Title Agency, Inc. DBA PTS Foreclosure Services) is entitled to the preclusive effect of the 2022 judgment. Generally, "[a] judgment will not have preclusive effect on a non-party unless the non-party was in privity with a party to the previous action." *Ditton v. Bowerman*, 117 Or. App. 483, 486–87 (1992). "Privity is essentially a conclusory term that describes the relationship between a party and a non-party that is deemed close enough to warrant the application of claim or issue preclusion to the non-party." *Id.* at 487. Because the new trustee stepped into the shoes of the prior trustee, the new trustee is in privity with the prior trustee and is entitled to the preclusive effect of the 2022 judgment. *See Eagle-Air Ests. Homeowners Ass'n, Inc. ex rel. Harp v. Haphey*, 272 Or. App. 651, 661 (2015). For this reason, Plaintiff's First Motion to Amend is denied because it is not necessary.

The proposed SAC asserts a new theory of the case based on facts that were in existence at the time of Plaintiff's 2022 court case. Second Mot. to Amend at 7. Because those facts existed in 2022, Plaintiff had the opportunity to bring a claim based on those facts in the prior action but failed to do so. For this reason, Plaintiff's Second Motion to Amend is denied.

Further, because the Court is barred from re-litigating the issue, the Court denies as moot Plaintiff's Motion to File a Sur-Reply, ECF No. 16, and Plaintiff's Motion for Summary Judgment, ECF No. 31.

## CONCLUSION

For the reasons explained above, the Court GRANTS Defendant's Motion to Dismiss, ECF No. 7, and Defendant's Motions for Judicial Notice, ECF Nos. 8, 23. The Court DENIES Plaintiff's Motion for Leave to file an Amended Complaint, ECF No. 10; Plaintiff's Motion to File a Second Amended Complaint, ECF No. 18; Plaintiff's Motion to File a Sur-Reply, ECF No. 16; Plaintiff's Motion for Judicial Notice, ECF No. 19; and Plaintiff's Motion for Summary Judgment, ECF No. 31. Defendant's Motion to Amend/Correct the Court's Case Management Schedule, ECF No. 25, is DENIED as moot.

This case is DISMISSED with prejudice. Final judgment shall be entered accordingly.

It is so ORDERED and DATED this __27th__ day of January 2026.

    /s/Ann Aiken
ANN AIKEN
United States District Judge